**BRANIFF AIRWAYS, INCORPORATED, a corporation, Plaintiff,**

v.

**William FALKINGHAM and Minneapolis-Saint Paul Metropolitan Airports Commission, a corporation, Defendants.**

**Civ. No. 2880.**

United States District Court
D. Minnesota, Third Division.

Sept. 1, 1956.

Carl W. Cummins, Jr., of Cummins, Cummins, Hammond & Ames, St. Paul, Minn., for plaintiff.

Paul J. McGough and Wright W. Brooks, Faegre & Benson, Minneapolis, Minn., for defendant Airport Commission.

DONOVAN, District Judge.

Summary judgment is moved for by the defendant Commission. The motion is directed at the complaint.[1] No answer has been made. No supporting affidavits are filed.

Urging lack of jurisdiction over the subject matter of the action and failure of the complaint to state a claim, movant argues that the motion for judgment is based not so much on the immunity of the State from suit, in the strict sense, but rather upon the claim of "the well-established rule in Minnesota that a public corporation, at all levels of government, has immunity from liability for negligence in the discharge of governmental functions."[2]

Opposing the motion, plaintiff emphasizes that the declaratory purposes of movant's act of genesis describing them to be "public and governmental" are conditioned upon and subject to the explicit authority to "sue and be sued" as endowed by the Minnesota legislature in the same Act.[3]

The instant case, admittedly, has to do with the construction and interpretation of 22 Minnesota Statutes Annotated, Sections 360.101, 360.106, 360.107, Subdivision 4, and 360.113.

Plaintiff relies to a large extent on Acts of Congress, interpreted as giving governmental agencies "many of the characteristics of private business corporations, distinguishing them from the government itself".[4]

As stated by the Minnesota court in the Casper case (searching for a solution of the problem here posed), it is a question of legislative "intent", or, as agreed to in different words by the United States Supreme Court in the Keifer case [306 U.S. 381, 59 S.Ct. 518], the legis-

---

1. The complaint of 37 lines is a model of conciseness, and demands remuneration for property damage. Paragraphs I, II and III read as follows:

   "I. That plaintiff is a corporation incorporated under the laws of the State of Oklahoma; that defendant Minneapolis-Saint Paul Metropolitan Airports Commission is a public corporation incorporated under the laws of the State of Minnesota; that defendant William Falkingham is a resident of the State of Minnesota. That the matter in controversy exceeds the sum of Three Thousand Dollars ($3,000) exclusive of interest and costs.

   "II. That on or about February 5, 1955 at about 1:35 P.M. of said day, the defendants and each of them were operating a piece of snow plow equipment owned by defendant Minneapolis-Saint Paul Metropolitan Airports Commission at Wold Chamberlain Field, Minneapolis, Minnesota. That at said time and place said snow plow was being operated by defendant William Falkingham as the duly authorized agent and servant of defendant Minneapolis-Saint Paul Metropolitan Airport Commission. That at said time and place, the defendants and each of them carelessly, negligently and unlawfully operated their snow plow in such a manner as to cause the same to run into and collide with a certain Convair airplane owned by plaintiff. That as a result of said collision, plaintiff sustained damage to its said aircraft of the value of Twenty-four Thousand One Hundred Fifty-five Dollars and Forty-eight Cents ($24,-155.48).

   "III. As a result of the damages to said aircraft as hereinbefore alleged, plaintiff was unable for a long period of time to use said aircraft in the transportation of passengers and freight. That as a result of the inability of plaintiff to use said aircraft in the course of its business, plaintiff has sustained a loss in profits in the sum of Five Thousand Dollars ($5,000)."

2. Movant relies on 22 Minnesota Statutes Annotated, §§ 360.106 and 360.113, and cites: Barmel v. Minneapolis-St. Paul Sanitary Dist., 201 Minn. 622, 277 N.W. 208; Erickson v. King, 218 Minn. 98, 102, 103, 15 N.W.2d 201, and cases cited therein.

3. Plaintiff relies on 22 Minnesota Statutes Annotated, § 360.107, Subdivision 4, and cites: Mitchell v. City of St. Paul, 228 Minn. 64, 36 N.W.2d 132; Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724.

4. Federal Land Bank of St. Louis v. Priddy, 295 U.S. 229, 55 S.Ct. 705, 707, 79 L.Ed. 1408; Casper v. Regional Agr. Credit Corporation, 202 Minn. 433, 278 N.W. 896; Zins v. Justus, 211 Minn. 1, 299 N.W. 685.

lative branch of government "may, of course, endow a governmental corporation with the government's immunity. But always the question is: has it done so?"

If the Acts here in dispute had been interpreted by the Minnesota Supreme Court to mean what movant is here contending, there would be no problem. But in my opinion it has not. So the Court must be guided by what it can read between the lines of the decided cases nearest in point.

■ The motion for summary judgment is an extreme remedy and the field to be explored is a narrow one.[5] The trial court is not permitted to evaluate credibility, even where supporting affidavits are on file, or pre-trial evidence taken. The shield of plaintiff's defense, questionable and abstract as the complaint may be, nonetheless traverses the twilight zone of possibility in the descriptive approach of the pleading to a genuine issue of fact.

This is particularly so where, as here, the Court has been unable to find from research, and is without reference by counsel to any case exactly construing the effect of the statutory words leading to the issue of the instant case. Certainly, under appropriate circumstances, immunity of movant may be waived.[6] The question is, as the Court said in the Keifer case: "has it done so?"

■ The cases cited by counsel and those this Court has had access to by independent study are convincing that the use (in 22 Minnesota Statutes Annotated, Chapter 360) of the words, "public and governmental" on the one hand, and to "sue and be sued" on the other, with the inseparable amenability that attaches to the latter, by reason of proprietary capacity inherent in movant under the Minnesota law relied on, make too doubtful the carrying of movant's

burden in support of the motion for summary judgment.

Excerpts taken from context in the decided cases bordering on the problem of the instant case are of too little help in movant's attempt to broaden the field.

■ The conduit of sovereignty was not intended to insulate against the proprietary functions of movant.

Plaintiff is entitled to a day in court of somewhat greater stature than that envisioned by the motion for summary judgment, which must be denied.

---

5. Caylor v. Virden, 8 Cir., 217 F.2d 739; Union Transfer Company v. Riss & Com- 8 Cir., 218 F.2d 553; Johnson Farm Equipment Company v. Cook, 8 Cir., 230 F.2d 119.

6. State ex rel. Wharton v. Babcock, 181 Minn. 409, 232 N.W. 718; Westerson v. State, 207 Minn. 412, 291 N.W. 900; Casper v. Regional Agr. Credit Corporation, 202 Minn. 433, 278 N.W. 896.